UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. RICHARD CORDERO, ESQ.,

                     Plaintiff,

-against-

THE SECRETARY OF HEALTH AND
HUMAN SERVICES (HHS), ET AL.,

                     Defendants.

24-CV-9778 (JAV)

ORDER OF SERVICE

---

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiff, who is a licensed attorney proceeding *pro se*, brings this action under the court's federal question jurisdiction, seeking review of the Council of Medicare Appeals' denial of his requested medical coverage pursuant to 42 U.S.C. § 405(g), as well as claims for money damages. Named as Defendants are the United States Secretary of Health and Human Services ("HHS"), as well as dozens of other named and unnamed defendants, including, among others, two Administrative Law Judges ("ALJ"), the heads of various federal entities and other federal employees, and private insurance companies and their executives and other employees. By order dated January 28, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court directs service on the Secretary of HHS, EmblemHealth, and Maximus Federal Services; dismisses Plaintiff's claims against the remaining federal defendants; and dismisses with 30 days' leave to replead Plaintiff's claims against the remaining defendants.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Because Plaintiff is an attorney, however, he is not entitled to the solicitude generally given to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

## DISCUSSION

**A.    Judicial immunity**

Plaintiff attempts to sue ALJs Dean Yanohira and Loranzo Fleming for actions they allegedly took in the course of reviewing the denial of insurance coverage for Plaintiff's requested medical procedure. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity has been extended to others who perform functions closely associated with the judicial process. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). This immunity "extends to administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally comparable to that of a judge.'"

2

*Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)). Instead of suing an administrative law judge for damages, "[t]hose who complain of error in [administrative] proceedings must seek agency or judicial review." *Butz*, 438 U.S. at 514.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not allege any facts showing that ALJs Yanohira and Fleming acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues ALJs Yanohira and Fleming for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against ALJs Yanohira and Fleming because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**B.     Sovereign immunity**

Plaintiff attempts to bring unspecified claims against the "directors/heads/top officers" of the HHS Department Appeals Board, the HHS Medicare Operations Division, the HHS Medicare Appeals Council, the Office of Medicare Hearings and Appeals ("OMHA") Headquarters, the OMHA Centralized Docketing, as well as HHS and OMHA employees David Eng, John Colter, Jon Dorman, Sherese Warren, Erin Brown, Andrenna Taylor Jones, James Griepentrog, and Denise Elosh. The doctrine of sovereign immunity bars federal courts from hearing all suits for

3

monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Because HHS is a federal agency and OMHA is a division of HHS, those entities and their employees are entitled to sovereign immunity for actions taken in their official capacities.[1] *See, e.g.*, *Wooten v. U.S. Dep't of Health & Human Servs.*, No. 10-CV-3728 (SAS), 2011 WL

---

[1] The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. A claim brought under the FTCA must be brought against the United States. *See, e.g.*, *Holliday v. Augustine*, No. 14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015) ("The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies.").

Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, the Court declines to construe the complaint as asserting claims under the FTCA because Plaintiff, who is an attorney and therefore not entitled to special solicitude, does not name the United States as a defendant, does not allege that he has exhausted his administrative remedies, and the complaint includes no indication that he intends to assert a claim under FTCA.

The Court also declines to construe the complaint as attempting to assert constitutional claims under *Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971), against these defendants in their individual capacities because Plaintiff does not allege any facts showing that any of these individual defendants, except Elosh, were personally involved in the events giving rise to his claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (to state a *Bivens* claims, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, as violated the Constitution"); *Perez v. Hawk*, 302 F. Supp. 2d 9, 19 (E.D.N.Y. 2004) ("Because personal involvement by a federal official is prerequisite to liability under *Bivens,* federal officials who are not personally involved in an alleged constitutional deprivation may not be held vicariously liable under *Bivens* for the acts of subordinates.").

While Plaintiff alleges that Elosh, who is a legal assistant to ALJ Yanohira, defamed him when she filed a complaint against him with Federal Protective Services due to Plaintiff's allegedly harassing her, he alleges no facts suggesting that Elosh did anything that violated his federal constitutional rights to support a *Bivens* claim.

4

536448, at *6 (S.D.N.Y. Feb. 15, 2011) (HHS is a federal agency protected by sovereign immunity). The Court therefore dismisses Plaintiff's claims for damages against these defendants under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

**C.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Under the Rule, a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff sues various private actors who are not alleged to work for any government entity: the Health Insurance Plan of Greater New York; EmblemHealth President and CEO Karen Ignagni; the "Director of EmblemHealth Grievance and Appeals Department"; Sean Hillegass, Supervisor of the Grievance and Appeals Department at EmblemHealth; Stefanie Macialek, a Specialist with the Grievance and Appeals Department at EmblemHealth; Melissa Cipolla, a Senior Specialist in the Grievance and Appeals Department of EmblemHealth; Shelly Bergstrom, Quality Risk Management at EmblemHealth; Dr. Sandra Rivera-Luciano, EmblemHealth

Medical Director; the "Director of Quality Risk Management" at EmblemHealth; the President of Maximus Federal Services; the CEO of Maximus; and the Director of Medicare Managed Care & PACE Reconsideration Project at Maximus.

Plaintiff's complaint does not comply with Rule 8 with respect to his claims against these defendants because he alleges no facts describing what these defendants did that violated his rights under state and federal law. In fact, aside from their inclusion in the caption of the complaint, many of these defendants are not mentioned at all in the complaint. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint. Any amended complaint Plaintiff files must comply with Rule 8's requirement that it include a short and plain statement showing that he is entitled to relief against each named defendant. Plaintiff should also make sure that any amended complaint complies with Rule 18 and 20 of the Federal Rules of Civil Procedure regarding joinder of claims and parties.

**D.   Service on the Secretary of HHS, EmblemHealth, and Maximus**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Secretary of Health and Human Services, EmblemHealth, and Maximus Federal Services through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to mark, on the USM-285 form for the Secretary of Health and Human Services, the box on the form labeled "Check for service on U.S.A." The Clerk of Court is also instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

E.      **Plaintiff's request to file electronically**

The Court grants Plaintiff's motion for permission to file documents electronically (ECF 6). The ECF Rules & Instructions are available online at https://nysd.uscourts.gov/rules/ecf-related-instructions.

Following Plaintiff's registering to file documents electronically, he no longer will receive service of documents by postal mail, whether or not he previously consented to accept electronic service. All documents filed by the court, or any other party, shall be served on

Plaintiff by electronic notice to Plaintiff's designated email address. *See* Fed. R. Civ. P. 5(B)(2)(E).

Should Plaintiff have any questions regarding electronic filing, he may call the ECF Help Desk at (212) 805-0800.

## CONCLUSION

The Court dismisses Plaintiff's claims against ALJs Yanohira and Fleming because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court dismisses Plaintiff's claims against the "directors/heads/top officers" of the HHS Department Appeals Board, the HHS Medicare Operations Division, the HHS Medicare Appeals Council, the Office of Medicare Hearings and Appeals ("OMHA") Headquarters, the OMHA Centralized Docketing, as well as HHS and OMHA employees David Eng, John Colter, Jon Dorman, Sherese Warren, Erin Brown, Andrenna Taylor Jones, James Griepentrog, and Denise Elosh, under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Court dismisses Plaintiff's claims against the Health Insurance Plan of Greater New York, Karen Ignagni, the "Director of EmblemHealth Grievance and Appeals Department," Sean Hillegass, Stefanie Macialek, Melissa Cipolla, Shelly Bergstrom, Dr. Sandra Rivera-Luciano, the "Director of Quality Risk Management" at EmblemHealth, the President of Maximus Federal Services, the CEO of Maximus, and the Director of Medicare Managed Care & PACE Reconsideration Project at Maximus, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint.

8

The Court grants Plaintiff's motion for permission to file documents electronically (ECF 6).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: January 31, 2025
New York, New York

*Jeannette Vargas*
JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Secretary of the United States Department of Health and Human Services
   200 Independence Avenue, SW
   Washington, DC 20201

2. EmblemHealth
   55 Water Street
   New York, NY 10041

3. Maximus Federal Services
   3750 Monroe Avenue, Ste. 702
   Pittsford, NY 14534-1302

4. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530

5. United States Attorney
   Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, New York 10007