UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
RICHARD CORDERO, :
:
:
                Plaintiff, : 24-CV-9778 (JAV)
:
-v- : ORDER
:
:
THE SECRETARY OF HEALTH AND HUMAN :
SERVICES, EMBLEMHEALTH, MAXIMUS FEDERAL :
SERVICES, *et al.*, :
:
                Defendants. :
:
------------------------------------------------------------------- X

JEANNETTE A. VARGAS, United States District Judge:

       On January 31, 2025, the Court issued an Order of Service (the "Order") directing service on the United States Secretary of Health and Human Services, EmblemHealth, and Maximus Federal Services, and dismissing Plaintiff's claims against the remaining federal defendants. ECF No. 13. On February 14, 2025, Plaintiff submitted a motion for reconsideration of that Order. ECF No. 16. As Plaintiff presents no valid grounds for reconsideration, the motion is DENIED.

       "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations and quotation marks omitted).

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (quotation marks omitted).

Plaintiff does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice. First, Plaintiff argues that the Court deprived him of "access to judicial process" by dismissing defendants before they had been served. ECF No. 16, ¶ 12. But as stated in the Order, the Court must dismiss portions of an *in forma pauperis* ("IFP") complaint that are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This dismissal can be done "at any time." 28 U.S.C. § 1915(e)(2). Accordingly, pursuant to section 1915, the Court dismissed the improper defendants from whom Plaintiff could not seek relief before they were served.

Second, Plaintiff argues that the judicial immunity doctrine is unconstitutional. ECF No. 16, ¶¶ 29-49. But "[i]t is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 523 (E.D.N.Y. 2010); *see also Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) (defining judicial actions as "acts arising out of, or related to, individual cases before the judge"). "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). Thus, judicial immunity means "immunity from suit, not just from ultimate assessment of damages." *Mireles*

*v. Waco*, 502 U.S. 9, 11 (1991). As explained in the Order, that immunity is also extended to administrative law judges, who perform similar functions to judges. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

Seeing that Plaintiff has not pointed to any clear error in the interpretation of the judicial immunity doctrine nor provided any case law in support of his argument, the Court does not find that Plaintiff has satisfied the standard for reconsideration. Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate ECF No. 16.

SO ORDERED.

Dated: March 13, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge