UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
RICHARD CORDERO, :
:
:
                     Plaintiff, :        24-CV-9778 (JAV)
:
     -v- :        <u>ORDER</u>
:
:
THE SECRETARY OF HEALTH AND HUMAN :
SERVICES, EMBLEMHEALTH, MAXIMUS FEDERAL :
SERVICES, *et al.*, :
:
                     Defendants. :
:
------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

       On January 31, 2025, the Court issued an Order directing service on the United States Secretary of Health and Human Services, EmblemHealth, and Maximus Federal Services, and dismissing Plaintiff's claims against the remaining federal defendants. ECF No. 13. On February 14, 2025, Plaintiff submitted a motion for reconsideration of that Order. ECF No. 16. The Court denied that motion for reconsideration. ECF No. 27.

       Plaintiff now seeks leave to "submit this case to this district court *en banc*." ECF Nos. 38, 41. Among other things, Plaintiff asks the *en banc* court to 1) reinstate the claims against the dismissed defendants and have them served by the U.S. Marshal; 2) "restore the IFP status that CJ Swain had granted Plaintiff but that [Judge] Vargas took away"; 3) grant Plaintiff's motion for default judgment; 4) reverse the order granting requests for an extension of time to answer; and 5) reassign this case to another judge. ECF Nos. 38, 41. This motion is DENIED.

       "[N]either the Local Rules nor the Federal Rules of Civil Procedure provides for an 'en banc' review in the district courts." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 286 (D. Conn.

2009). Even in the appellate courts, where *en banc* review is authorized, it is granted only in rare circumstances, such as when there is a conflict between panel opinions, with a Supreme Court opinion, or a Circuit split of opinions. Fed. R. App. P. 40. Nothing in Plaintiff's submission, which primarily concerns his disagreement with binding authority from the Supreme Court and Second Circuit regarding immunity and criticism of the manner in which this Court has managed this case, warrants such extraordinary relief.[1]

With respect to the substance of Plaintiff's requests, the Court previously denied Plaintiff's motion for reconsideration of its January 31 Order. The Court will not revisit that decision again as Plaintiff merely rehashes the arguments previously set forth in his motion for reconsideration. Plaintiff also seeks default judgment, but Plaintiff cannot meet the requirements of Federal Rule of Civil Procedure 55. No defendant is currently in default. With respect to the three defendants that have been served with process, the Court has extended their time to respond to the Complaint until July 21, 2025. ECF Nos. 33, 39, 40.

As to Plaintiff's *in forma pauperis* status, Plaintiff is under the misapprehension that his status has in some way been revoked. It has not. Plaintiff was granted "leave to proceed in this Court without prepayment of fees." ECF No. 12. He was in fact permitted to proceed in this Court without the payment of a filing fee, and Plaintiff retains his IFP status in the district court. But by its terms, the order issued by Chief Judge Swain was limited to proceedings in "this Court," that is, the district court. Chief Judge Swain did not grant him IFP status with respect to any appeal.

---

[1] Plaintiff directed his motion to Chief Judge Swain, under the misapprehension that she has "supervisory authority" over "all cases" in the District. ECF No. 44 ¶ 4. But Chief Judges are district court judges, and as such "lack[] the power of appellate review over [their] fellow district court judges." *In re McBryde*, 117 F.3d 208, 223 (5th Cir. 1997); *see also* 28 U.S.C. § 137. Only appellate courts have the authority to review and reverse the orders of the district court judge assigned to a case.

To the extent that Plaintiff complains that this Court's certification that any appeal from its January 31 or March 13 Orders would not be taken in good faith deprives him of a meaningful right of appeal, ECF No. 41 ¶ 71, such certifications are authorized by statute. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). Moreover, it is well established that, in civil cases, the merits of an appeal can be considered in determining whether a party is entitled to proceed *in forma pauperis*. *United States v. Kosic*, 944 F.3d 448, 449 (2d Cir. 2019).

Plaintiff also erroneously believes that, because ECF No. 30 indicates that his IFP motion was "terminated," this means that his motion for IFP status was denied. ECF No. 41 ¶¶ 67-69. It does not. On the ECF system, the notation on a docket that a motion is "terminated" simply means that the motion is no longer pending a decision. This could be because the motion was granted, denied, withdrawn, or for some other reason. In this case, the motion to proceed *in forma pauperis* was terminated because it had previously been granted by ECF No. 12.

Finally, the Court addresses Plaintiff's request that this case be reassigned to another judge. "Parties cannot pick and choose a judge to hear their case, and there is no process by which a party can request 'reassignment' based on a preference, a dislike of a particular judge, or a disappointment with a judge's rulings." *James v. State Univ. of New York*, No. 22-CV-4856 (JHR)(KHP), 2023 WL 3006104, at *2 (S.D.N.Y. Mar. 3, 2023). The Court therefore construes Plaintiff's request to reassign this case to another judge as raising a motion for recusal pursuant to 28 U.S.C. § 455. "[T]here is a strong presumption that a judge is impartial, and the movant bears the 'substantial' burden of overcoming that presumption." *James*, 2023 WL 3006104, at *2. Plaintiff has not met his burden to demonstrate that recusal is warranted, as he has pointed to no evidence that would reasonably call into question the Court's impartiality. "Generally, claims

of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."). Plaintiff, who takes issue with orders issued by the Court and the Court's administration of this case, including its decision on routine extension requests, has not pointed to any such extrajudicial matters that would suggest bias. *Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014) ("[T]he fact that Plaintiff–Appellant and Appellants were unhappy with the district court's legal rulings and other case management decisions is not a basis for recusal.").

The Court has considered the remaining arguments raised in Plaintiff's papers and determined that they are without merit. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

## CONCLUSION

Plaintiff's motion is DENIED. The Clerk of Court is directed to terminate ECF Nos. 38 and 41.

SO ORDERED.

Dated: May 5, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge