UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD CORDERO,<br><br>      Plaintiff,<br><br>    v.<br><br>THE SECRETARY OF HEALTH AND HUMAN SERVICES, EMBLEMHEALTH, MAXIMUS FEDERAL SERVICES, et al.,<br><br>      Defendants. | 24-CV-09778 (JAV)<br><br>**ORDER** |

JEANNETTE A. VARGAS, United States District Judge:

  Plaintiff has suggested in recent court filings that the undersigned "should have recused herself" from this action "because the 'probability' of her showing bias was too high." ECF No. 62, ¶ 23. Plaintiff states that "the court failed to disclose to Dr. Cordero that she, Judge Vargas, worked for 22 years in the AUSA, SDNY, where she rose to the deputy position of the civil division until taking the bench in November 2024." *Id.* ¶ 21. Plaintiff argues that the undersigned's prior employment suggests that she will be biased in favor of Defendants. *Id.* ¶¶ 22-23.

  Recusal applications are governed by 28 U.S.C. § 455(a), which requires that a judge recuse "in any proceeding in which [her] impartiality might reasonably be questioned." "Recusal is only mandated where 'an objective, disinterested observer fully informed of the underlying facts, [could] entertain significant doubt that justice would be done absent recusal[.]'" *Lynch v. Dep't of Educ. of City of New York*, 769 F. Supp. 3d 227, 230-31 (E.D.N.Y. 2025) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)). "Where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

Plaintiff intimates that the undersigned concealed her former affiliation with the United States Attorney's Office from him. Yet on the court webpage, the undersigned has posted Individual Rules and Practices Regarding Civil Matters in which the United States Attorney for the Southern District of New York or the United States Department of Justice Represents a Party ("Recusal Rules"). Those Recusal Rules state:

> Judge Vargas served as the Deputy Chief of the Civil Division for the USAO-SDNY until November 18, 2024. She had supervisory authority and/or confidential information regarding matters pending in the Civil Division prior to that date. Accordingly, Judge Vargas has decided to recuse from any civil matter in which the USAO-SDNY had any involvement on or prior to November 18, 2024, including any arising from investigations commenced prior to that date. Government attorneys handling civil matters assigned to Judge Vargas shall consult the records and files of the USAO-SDNY to determine whether the matter or case falls within the recusal parameters set forth above.

https://www.nysd.uscourts.gov/sites/default/files/practice_documents/JAV%20Vargas%20Recusal%20Rule%20for%20USAO-SDNY%20DECEMBER%202024%20%282024.12.04%29.pdf.

On February 24, 2025, the Government filed a letter on the docket stating that this action "does not fall within the applicable recusal parameters" set forth in the Court's Recusal Rules. ECF No. 18.

The law of this Circuit is clear that a judge's prior employment as government counsel, without more, does not mandate recusal from cases in which the government is a defendant. *See, e.g.*, *Green v. New York City Health & Hosps. Corp.*, 343 F. App'x 712, 714 (2d Cir. 2009); *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996). As the Court had no personal involvement in this matter while at the U.S. Attorney's Office, the Court sees no basis for recusal from this action.

Plaintiff questions whether the undersigned has a personal relationship with the Assistant United States Attorneys who appeared in this matter and thus would be biased in their favor.

2

ECF No. 65 at ¶ 21.  While at the U.S. Attorney's Office, the undersigned was colleagues with AUSA Rebecca Salk, the attorney who has appeared for the federal defendants before this Court.  Plaintiff has also referred to AUSA Benjamin Torrance.  Although Mr. Torrance has not entered an appearance before this Court, a review of the docket before the Second Circuit indicates that he has entered an appearance in an interlocutory appeal taken from a prior order in this matter.  Mr. Torrance is both a former colleague and a personal friend of the undersigned.  Yet contrary to Plaintiff's contentions, "a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer."  *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985); *see also In re Cooke*, 160 B.R. 701, 708 (Bankr. D. Conn. 1993) ("[A} judge's friendship with counsel appearing before him or her does not alone mandate disqualification.").  Accordingly, Plaintiff's application for recusal is denied.

Dated: September 30, 2025
      New York, New York

                                                                  */s/ Jeannette Vargas*
                                                            JEANNETTE A. VARGAS
                                                            United States District Judge