UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                       :

RICHARD CORDERO,                              :

                             Plaintiff,          :        24-CV-9778 (JAV)

                                                  :

       -v-                            :         <u>ORDER</u>

                                                    :

THE SECRETARY OF HEALTH AND HUMAN    :
SERVICES, EMBLEMHEALTH, MAXIMUS FEDERAL  :
SERVICES, *et al.*,                         :

                                                  :

                          Defendants.       :

                                                  :
------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

On January 31, 2025, the Court issued an Order directing service on the United States Secretary of Health and Human Services, EmblemHealth, and Maximus Federal Services, and dismissing Plaintiff's claims against the remaining federal defendants on judicial immunity and sovereign immunity grounds. ECF No. 13 ("Dismissal Order"). *Pro se* plaintiff has brought motions for 1) the court to "take judicial notice of the news about Medicare aired during the shutdown and how hundreds of federal judges in over 545 cases against the President and his administration have allowed the defendants to be served, subjected to discovery, tried, etc," and asks that this precedent be applied here to permit the reinstatement of the dismissed defendants. ECF Nos. 76, 77.

Plaintiff has already filed a motion for reconsideration of that order, *see* ECF No. 16, which was denied, ECF No. 27. He has also filed an appeal of that order to the Second Circuit. ECF No. 47. And Plaintiff has filed motions to submit this issue to the district court, sitting *en banc*, ECF Nos. 38, 41, which was likewise denied on May 5, 2025, ECF No. 45.

Plaintiff's motions request that this Court vacate the Dismissal Order and its order of May 5.  Construing the instant motions as successive motions for reconsideration of the Dismissal Order, they are DENIED.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) (cleaned up).  A motion for reconsideration must be made "within 14 days after the entry of the court's order being challenged."  S.D.N.Y. Loc. R. 6.3.  A party may move for reconsideration "when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quotations and citation omitted).  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for consideration must be denied." *Mikol v. Barnhart*, 554 F.Supp.2d 498, 500 (S.D.N.Y. 2008) (citation omitted).

A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  Whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d. 52, 61 (2d Cir. 2009) (cleaned up).

Additionally, Plaintiff "is entitled to a single motion for reconsideration." *Sussman Sales Co., Inc. v. VWR Int'l, LLC*, No. 20 CIV. 2869 (JHR), 2025 WL 1004729, at *4 (S.D.N.Y. Apr. 1, 2025) (quotations and citation omitted); *see also Guang Ju Lin v. United States*, Nos. S3 09-CR-746 (SHS), 13-CV-7498 (SHS), 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015).

Plaintiff's motions do not meet the standard for reconsideration.  First, they are untimely and thus can be denied on that basis alone.  Second, they largely repeat the arguments that have previously been considered and rejected by this Court.  Third, Plaintiff is not entitled to file successive motions for reconsideration.

The Court has considered Plaintiff's remaining requests for relief, including the request that the Court stay motion practice and permit discovery to commence.  The Court declines to do so, for the reasons stated in its prior decision on this issue.  ECF No. 71.

<b>CONCLUSION</b>

Plaintiff's motions are DENIED.  The Clerk of Court is directed to terminate ECF Nos. 76 and 77.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 5, 2025
      New York, New York

                          JEANNETTE A. VARGAS
                          United States District Judge